## ANNIE LEVY *v.* JOHN LOVELL.

## No. 1162.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

SUBMITTED MARCH 27, 1919.                    DECIDED APRIL 9, 1919.

COKE, C. J., KEMP AND EDINGS, JJ.

DEEDS—*construction.*

In the construction of all deeds and grants the intention of
the grantor, when ascertained, should be given full effect when
not contrary to law.

SAME—*same.*

The construction placed upon the instrument by the parties
themselves should govern, especially after a time long enough
to create prescriptive rights thereunder has elapsed.

EQUITY—*practice—laches.*

Where a cause of action has accrued for over twenty years
and the petitioner has remained dormant during all that time
and does not set forth any excuse or justification for her delay
she is guilty of such laches as will warrant a court of equity
in refusing her relief.

OPINION OF THE COURT BY EDINGS, J.

On the 9th day of November, 1917, the petitioner,
Annie Levy, filed her bill in the circuit court of the first
circuit of this Territory alleging in substance that on or
about the 6th day of January, 1898, John Lovell, the
respondent, her father, was the owner of certain lands
situate on the Island of Kauai, in this Territory; that
while petitioner and her two minor children, Victor and
Robert Lovell, now of the ages of thirty and twenty-eight
years, respectively, were residing with the respondent,
her father, on the lands in question, said respondent, on

the 6th day of January, 1898, made and executed a deed to petitioner in the Hawaiian language, a translation of which is as follows:

"Know all men by these presents that I, John Lovell, of Papaa, Island of Kauai, Hawaiian Islands: By these presents, for and in consideration of one dollar to me paid by Ane, my beloved daughter, the receipt whereof is hereby acknowledged, doth hereby give, grant, release and convey all that house-lot, containing five acres, and situate at the place aforesaid, the same being the acres of the house-lot within my premises being undivided in the hui land conveyed by H. A. Widemann, the same being the hui land of Aliiomanu, Papaa and Moloaa, and all of my right, title and interest in and to the hui land conveyed by J. W. Smith, known as Kaapuna, situate on the Island of Kauai.

"By this conveyance, I to have the care of said premises as guardian and trustee, until my life terminates."

(The respondent claims that this last paragraph is incorrectly translated, the Hawaiian being: "Ama keia hoolilo ana, e lilo no au i hope a i kahu hooponopono i keia mau waiwai i oleloia maluna a hiki i ka pau ana o ko'u ola," which should be rendered in English: "And under this conveyance I shall be the representative and trustee of the lands aforesaid during my lifetime.")

"To have and to hold the said premises with all the buildings, the rights and benefits thereto belonging unto Ane, aforesaid, and with her children namely, Master Victor and Robert, they being her heirs and successors forever. And I, Kaikina, wife of John Lovell, doth hereby approve of this conveyance to our said daughter, and hereby quitclaim all of my right of dower in and to the premises now conveyed by my husband, under the law, when my life terminates.

"In witness whereof we have hereunto set our hands and affix our seals this 6th day of January, A. D. 1898."

"That since the delivery of the said deed on January

6, 1898, said John Lovell has had the care, custody and control of the said premises, and said Annie Levy (petitioner) has lived in Honolulu, and is now living in Honolulu with her husband, and has not had the use or enjoyment of the said premises, nor any rents, issues or profits thereof;" that there are about three acres of rice land included in said premises, the reasonable rent of which was and is about sixty dollars a year; that the reasonable value of the house and house-lot included in said premises is and was about one hundred dollars a year; that on the 8th day of February, 1915, said respondent in his own name and not as a trustee leased three acres of rice land—being a portion of said premises —for a term of ten years at an annual rental of fifty-four dollars; that petitioner has consulted counsel and is advised that respondent holds the premises described in said deed as trustee for petitioner and that petitioner is entitled to the rents, issues and profits of the said premises; that respondent "has himself occupied the said premises since said deed of trust up to some time in 1912, when he came to Honolulu to live; that he has at all times since the delivery of the said deed of trust enjoyed the use, occupation and the rents, issues and profits thereof and has claimed the same in his own right;" that respondent refuses to deliver possession of said premises to petitioner or to account to her for the rents, issues and profits of the same.

The respondent in his answer denies that he holds the premises as trustee and alleges that "he holds a life interest in said lands and is entitled to the use and profits thereof."

At the conclusion of the trial the circuit judge rendered a decree holding "that John Lovell has no interest in the premises described above, being the five acres conveyed by said John Lovell to Annie Levy and her chil-

dren, her heirs and assigns forever; * * * that plaintiff, Annie Levy, is the owner and is entitled to the rents, issues and profits of said premises and to the immediate possession and control thereof * * *; that defendant, John Lovell, his agents, servants or representatives are hereby ordered to cease from exercising any authority or control over the premises above described * * *; that the defendant * * * is ordered to pay to the plaintiff the sum of three hundred and eighty-seven dollars as rents and profits enjoyed by defendant for six years prior to November, 1917;" from which decree the respondent duly perfected an appeal to this court.

Upon the trial there was not any evidence introduced by petitioner, except as to the condition of the house, nor by the respondent, the matter being submitted upon the pleadings.

The first question that presents itself is, what did the respondent mean by the use of the words, "By this conveyance I to have the care of said premises as guardian and trustee until my life terminates," or, as translated by respondent, "And under this conveyance I shall be the representative and trustee of the lands aforesaid during my lifetime?" After this clause comes what may be termed the "habendum:" "to Ane aforesaid and with her children namely, Master Victor and Robert, they being her heirs and successors forever." It is conjectural whether or not the grantor intended that Annie should take a life estate with remainder to her sons or the fee, but for the purposes of this case we may assume that Annie took an estate in fee simple.

One of the cardinal rules of construction is that an instrument in writing should be so interpreted, if possible, as to give effect to the intention of the parties as therein expressed. "In the construction of all deeds and grants there is one essential object to be kept in view,

and that is to ascertain the true intent of the grantor, and to give full effect to that intention, when not contrary to law. * * * The only rule of much value is to place ourselves as near as possible in the seats which were occupied by the parties at the time the instrument was executed; then, taking it by its four corners, read it. This is the main object of all construction. When the intention of the parties can be ascertained, nothing remains but to effectuate that intention." *Elliott* v. *Jefferson,* 64 L. R. A. 135, 138, 139.

In this case after the execution of the deed the grantor remained in sole possession of the premises, renting a portion of the same and appropriating the rents to his own use and has continued to do so with the acquiescence and consent of the grantee for over twenty years, and not until she has consulted counsel and been by him informed that the land is hers, does she, the grantee, ever by word or act indicate that this use and occupation by the grantor was not in strict accord with her construction and her understanding of the deed. "Life-estates * * * may be created either by express words or by implication." 16 Cyc. 615. In this deed the grantor's intent, though clumsily expressed, is ascertainable from it as a whole, and was to reserve to himself a life estate in the premises with remainder in fee to his daughter. And this conclusion is in harmony with the apparent construction placed upon the instrument by the parties themselves. "Courts should not give a construction to a deed in direct conflict with that which the parties have themselves put upon it, especially after a time long enough to create prescriptive rights thereunder."*Mansfield* v. *Place,* 18 L. R. A. 39. The construction placed upon the instrument by the parties themselves should be accepted as the true one. 13 Cyc. 601, 602, 603.

The second question which presents itself is whether

Syllabus.

or not the petitioner should be permitted to maintain this suit in a court of equity. Petitioner in her bill alleges that since January 6, 1898, "defendant has claimed in his own right the use, occupation and rents, issues and profits of the premises;" that her cause of action accrued over twenty years before the filing of her suit, nor does she set forth any facts as an excuse or justification for her unseemly delay.

We are of the opinion that petitioner has been guilty of such laches as to preclude her from the relief prayed for.

The decree appealed from is reversed and the cause remanded to the circuit judge with instructions to dismiss the bill.

*P. L. Weaver* for petitioner.

*Mott-Smith & Lindsay* for respondent.